1   GLENN L. BRIGGS (SB# 174497)
    THERESA A. KADING (SB# 211469)
2   HODEL BRIGGS WINTER LLP
    8105 Irvine Center Drive, Suite 1400
3   Irvine, CA  92618
    Telephone: (949) 450-8040
4   Facsimile: (949) 450-8033

5   Attorneys for Defendant
    THRIFTY PAYLESS, INC. dba "Rite Aid" (erroneously
6   sued herein as "Rite Aid Corporation")

7

                    FILED

            '08 FEB 27  AM 10: 24

            CLERK, U.S. DISTRICT COURT
        SOUTHERN DISTRICT OF CALIFORNIA

        BY        CP        DEPUTY

                UNITED STATES DISTRICT COURT FOR THE
8

9               SOUTHERN DISTRICT OF CALIFORNIA

10  PATRICIA QUIROZ, an individual,        CASE NO. 08 CV 0367 BTM WMc

11          Plaintiff,                     (San Diego County Superior Court Case
                                           No. 37-2008-00050640-CU-WT-NC)
12      vs.

13  RITE AID CORPORATION, an
    unknown entity and DOES 1              **NOTICE OF REMOVAL OF CIVIL**
14  through 50, inclusive,                 **ACTION TO THE UNITED STATES**
                                           **DISTRICT COURT UNDER 28**
15          Defendants.                    **U.S.C. SECTIONS 1441(b), (c),**
                                           **1367(a)**
16

17

18

19

20

21

22

23

24

25

26

27

28

28869_1

NOTICE OF REMOVAL

1    TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN

2    DISTRICT OF CALIFORNIA, PLAINTIFF PATRICIA QUIROZ AND HER

3    ATTORNEYS OF RECORD:

4

5          PLEASE TAKE NOTICE THAT, based on the following allegations,

6    Defendant Thrifty Payless, Inc. dba "Rite Aid" (erroneously sued herein as "Rite

7    Aid Corporation") (hereinafter, "Rite Aid") hereby removes the state court action

8    described below.

9

10          1.     On January 24, 2008, an action was commenced in the Superior

11    Court of the State of California in and for the County of San Diego, entitled

12    "PATRICIA QUIROZ, an individual v. RITE AID CORPORATION, an unknown

13    entity and DOES 1 through 50, inclusive," Case Number 37-2008-00050640-CU-

14    WT-NC. The Complaint alleges causes of action for: (1) Discrimination in

15    Violation of Federal Statutes and California Government Code Section 12940, et

16    seq. and Americans with Disabilities Act of 1990; 42 U.S.C. Sections 12101-

17    12213; (2) Discrimination and Retaliation in Violation of Government Code

18    Section 12940, et seq. and the Age Discrimination and Employment Act; (3)

19    Intentional Infliction of Emotional Distress; and (4) Negligent Infliction of

20    Emotional Distress. A true and correct copy of the Complaint, Summons, Notice of

21    Case Assignment, ADR Information Package, and Certificate of Service are

22    attached hereto as Exhibit "A." Rite Aid is informed and believes that this

23    constitutes all process, pleadings and orders received by it in this action.

24

25          2.     Rite Aid has not been properly served in this action. Plaintiff

26    sent the Complaint and Summons to "Rite Aid Corporation" via UPS overnight

27    delivery service on January 31, 2008, purporting to have served it. That does not

28    constitute valid service under the California Code of Civil Procedure. However,

28869_1                                    - 1 -

1    even assuming that Plaintiff's conduct constituted valid service, this removal is

2    timely.  See 28 U.S.C. § 1446(b) ("The notice of removal of a civil action or

3    proceeding shall be filed within thirty days after the receipt by the defendant,

4    through service or otherwise, of a copy of the initial pleading.")

5

6            3.    This action is a civil action in which this Court has original

7    jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to his court

8    by Rite Aid pursuant to 28 U.S.C. § 1441(b) and (c), in that it arises under federal

9    statutes, specifically, the Americans with Disabilities Act (42 U.S.C. §§ 12101-

10   12213) and the Age Discrimination in Employment Act (29 U.S.C. § 621 et seq.).

11   Plaintiff's first cause of action is for "Discrimination in Violation of … [the]

12   Americans with Disabilities Act of 1990; 42 U.S.C. Sections 12101-12213."  See

13   Complaint, ¶¶ 25-28.  Plaintiff's second cause of action is for "Discrimination and

14   Retaliation in Violation of … the Age Discrimination and Employment Act."  See

15   Complaint, ¶¶ 34, 37-40.

16

17           4.    This Court has supplemental jurisdiction over any and all

18   remaining state law claims in the Complaint under 28 U.S.C. § 1367(a), as they

19   share a common nucleus of operative facts with Plaintiff's federal claims and/or

20   form the basis of those federal claims.  Convenience, judicial economy, and fairness

21   to the parties require that all of Plaintiff's claims be litigated together in a single

22   forum.  28 U.S.C. § 1367(a); United Mine Workers v. Gibbs, 383 U.S. 715, 725-26

23   (1966).

24

25           5.    Rite Aid filed its Answer to Plaintiff's Complaint in the

26   Superior Court for the County of San Diego, State of California.  A true and correct

27   copy of Rite Aid's Answer is attached hereto as Exhibit "B."

28

1         6.    Notice of this removal is being given to both Plaintiff and to the

2    Clerk of the Court of San Diego County Superior Court. True and correct copies of

3    these notices are attached as Exhibits "C" and "D," respectively. Proof of service

4    of the Notice to Adverse Party of Removal to Federal Court will be filed with this

5    Court immediately after the Superior Court filing is accomplished. Exhibits "A,"

6    "B," "C," and "D" attached constitute all process, pleadings or orders served on or

7    by Rite Aid in this action.

8

9         WHEREFORE, pursuant to the provisions of Title 28, Sections

10    1441(b), (c) and 1367(a) of the United States Code, Defendant removes the above

11    action from the Superior Court of the State of California for the County of San

12    Diego to this Court.

13

14    DATED: February 25, 2008    HODEL BRIGGS WINTER LLP

15                      GLENN L. BRIGGS

                  THERESA A. KADING

16

17                      By: _Theresa Kading_____

18                         THERESA A. KADING

19                      Attorneys for Defendant

20                      THRIFTY PAYLESS, INC. dba "Rite Aid"

                  (erroneously sued herein as "Rite Aid

                  Corporation")

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL

**EXHIBIT A**

**SUMMONS** | SUM-100
**(CITACION JUDICIAL)**

NOTICE TO DEFENDANT:
*(AVISO AL DEMANDADO):*
Rite Aid Corporation

And DOES 1-50
**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Patricia Quiroz

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

08 JAN 24  AM 11:12
(20)
CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can locate these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.   If you cannot pay the filing fee, ask the court clerk for a fee waiver form.   If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF CALIFORNIA<br>325 S. Melrose<br>325 S. Melrose<br>Vista, CA 92083<br>North County Division | CASE NUMBER:<br>*(Número del Caso):* **2008-00050640-CU-WT-NC** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Susan Curran SBN227886                    (760) 634-1229   (760) 634-0729
Curran & Curran Law
843 Second Street
Encinitas, CA 92024

DATE:  JAN 24 2008                    Clerk, by _____ M Reles _____ , Deputy
*(Fecha)*                              *(Secretario)*                                    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [X] on behalf of *(specify):* RITE AID CORPORATION

    under: [X] CCP 416.10 (corporation)       [ ] CCP 416.60 (minor)
           [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
           [ ] CCP 416.40 (association or partnership)   [ ] CCP 416.90 (authorized person)
           [ ] other *(specify):*
4. [X] by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

F I L E D
NORTH COUNTY DIVISION

08 JAN 24  AM 11: 42

(20)
CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

1  CURRAN & CURRAN LAW
   SUSAN CURRAN, ESQ.
2  State Bar Association No. 227886
   843 Second Street, Ste. A
3  Encinitas, CA 92024
   Telephone:  (760) 634-1229
4  Facsimile:    (760) 634-0729

5  Attorneys for Plaintiff

6

7

8           SUPERIOR COURT FOR THE STATE OF CALIFORNIA
             SAN DIEGO COUNTY, NORTH COUNTY BRANCH

9

10 PATRICIA QUIROZ, an individual      )    CASE NO. 37-2008-00050640-CU-WT-NC
                                        )
11        Plaintiff,                    )
                                        )    COMPLAINT FOR DAMAGES
12        v.                            )
                                        )
13                                      )
   RITE AID CORPORATION, an unknown     )
14 entity and DOES 1 through 50, inclusive, )
                                        )
15        Defendants.                   )
   _____)

16

17        Plaintiff PATRICIA QUIROZ [hereinafter referred to as "Plaintiff/Ms. QUIROZ"]; brings

18 this Complaint against Defendant RITE AID CORPORATION, an unknown entity [hereinafter

19 referred to as "Defendant/RITE AID"] and DOES 1 through 50 as follows:

                              PARTIES AND VENUE

20

21        1. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES

22 1 through 50, inclusive, and therefore sues these Defendants by such fictitious names.  Plaintiff will

23 amend this complaint to allege the true names and capacities of DOES 1 through 50, at such time

24 such information is ascertained by Plaintiff.

25        2. Plaintiff is informed and believes and thereon alleges that at all times relevant herein, each

26 of the fictitiously named DOE Defendants are proximately responsible, either through negligence,

27 intentional misconduct, or contractually, for Plaintiff's injuries herein, and that each such fictitious

28 Defendant acted as the agent of each of the other Defendants in this action.

QUIROS v. RITE AID COMPLAINT

1    3. Plaintiff is informed and believes and thereon alleges that Defendant RITE AID is, and at

2  all times relevant herein was, an unknown business entity engaged in business in the County of San

3  Diego, California.

4    4. The acts and omissions alleged to have occurred herein were performed by Defendant

5  RITE AID and/or its management level employees, and said acts were authorized or ratified by RITE

6  AID and/or its upper level managerial employees, so as to render said business liable for the acts and

7  omissions alleged herein.

8    5. At all times mentioned herein, each and every Defendant was the agent and employee of

9  each and every other Defendant and in doing the things alleged was acting within the course and

10  scope of such agency and employment, and in doing the acts herein alleged was acting with the

11  consent, permission, and authorization of each of the remaining Defendants. All actions of each

12  Defendant herein alleged were ratified and approved by the officers or managing agents of every

13  other Defendant.

14                            <u>GENERAL ALLEGATIONS</u>

15    6. Plaintiff Ms. QUIROZ is a 52 year old female, hired by RITE AID in or about 1998 as a

16  salesperson for RITE AID in Del Mar, California. Prior to working for RITE AID, Ms. QUIROZ

17  was employed by Payless Corporation which was affiliated with RITE AID. Plaintiff Ms. QUIROZ

18  earned approximately $25,000 per year.

19    7. Throughout Ms. QUIROZ's employment with Defendant RITE AID, Plaintiff Ms.

20  QUIROZ's job duties and responsibilities were consistently increased with additional pay. Due to

21  Plaintiff Ms. QUIROZ's organizational skills, considerable knowledge, and her aptitude for dealing

22  with customers so well, Defendant RITE AID would have Plaintiff Ms. QUIROZ train and oversee

23  new hires throughout the tenure of her employment.

24    8. During Plaintiff's 9 years with Defendant RITE AID, Ms. QUIROZ continued to perform

25  in an outstanding and favorable manner. Specifically, throughout the entire 9 year tenure of Plaintiff

26  Ms. QUIROZ's employment at RITE AID, Plaintiff Ms. QUIROZ *never* received an unsatisfactory

27  performance evaluation nor any other comment regarding poor work performance. To the contrary,

28  throughout her 9 year career with RITE AID, Plaintiff Ms. QUIROZ continuously received positive

1  ratings on her reviews with Defendant RITE AID.

2    9.  Notwithstanding, Plaintiff Ms. QUIROZ's 9 years of exemplary performance and

3  commendations from the individuals who worked with and supervised her, Plaintiff Ms. QUIROZ

4  is informed and believes and thereupon alleges Defendant RITE AID has embarked on a decided

5  course of action to eliminate Plaintiff Ms. QUIROZ from the employ of RITE AID because Plaintiff

6  Ms. QUIROZ was an "older" salesperson who was on an approved medical leave of absence and

7  took advantage of her medical leave by terminating her without even the courtesy of informing her.

8    10.  Unfortunately, administrators of RITE AID embarked on a decided course of action to

9  discriminate, retaliate, harass, and intimidate Plaintiff based upon her advanced and advancing age

10  as well as her physical disability. Such examples are stated seriatim, in summary fashion and are not

11  intended to be an exhaustive list.

12    a. For approximately 9 years, Plaintiff Ms. QUIROZ was employed by RITE AID as

13    a salesperson at the Del Mar California store. Customers loved Ms. QUIROZ; they

14    gave her holiday gifts, they had coffee together and she became close friends with

15    some;

16    b. Prior to working for RITE AID, Ms. QUIROZ was employed by Pay Less who

17    owned the RITE AID company, for 11 years;

18    c. Ms. QUIROZ never had any adverse employment action taken against her and had

19    a good relationship with her supervisor Kim Garcia. Her yearly evaluations were

20    always positive and she often received "smiley faces," RITE AID's way of giving

21    positive feedback to employees on a weekly basis;

22    d. Plaintiff was recently offered a key position by her direct supervisor, Kim Garcia.

23    This position entailed more responsibility and Plaintiff was told she would have a

24    few days to think about accepting it. However, prior to accepting this offer, Plaintiff

25    was informed about a day or so later the position was offered to another employee

26    who was a young male in his 20's. Ms. Garcia asked Plaintiff if she was upset by this

27    decision;

28    e. On or about November 12, 2006 Plaintiff Ms. QUIROZ was leaving the RITE AID

store she was employed at after her shift, when she fell in the parking lot. Plaintiff suffered from torn tendons, torn ligaments and a ruptured kneecap;

f. The next day, November 12, 2006, Plaintiff Ms. QUIROZ went to work for her normal shift at 5:00 a.m. and reported her accident to Ms. Garcia. Plaintiff continued her normal shifts (Wednesday, Thursday, Saturday and Sunday 5:00 a.m. - 1:30 p.m.) while she sought medical treatment for her injuries through April 2006;

g. Plaintiff was prescribed a boot to be worn at all times. Plaintiff's injuries interfered with her ability to walk, bend and stand. Defendant RITE AID offered no reasonable accommodations to Ms. QUIROZ;

h. Plaintiff Ms. QUIROZ remained under her physicians' care and kept RITE AID, through her supervisor Kim Garcia, apprized of her condition. Prior to April 9, 2007, Plaintiff informed RITE AID, through Kim Garcia, that she was advised by her physician to a take a medical leave of absence from RITE AID. Kim Garcia provided Plaintiff with a handwritten note confirming Plaintiff's approved medical leave of absence beginning April 9, 2007, hereby attached as Exhibit "1" and incorporated by reference herein;

i. Plaintiff Ms. QUIROZ was also provided with a Leave of Absence packet by RITE AID which included an Application, Disability Claim Form, Certification of Health Care Provider provided to her by RITE AID. The Application was signed by a store manager (SYSM ID "FEMJR6") on April 14, 2007. Ms. QUIROZ faxed the packet of information to RITE AID's Benefits Department in Harrisburg Pa., called to confirm the receipt thereof and received the facsimile report verifying receipt;

h. Due to the extent of her injuries, Plaintiff Ms. QUIROZ was directed by her physicians to continue her medical leave of absence past the expected date of return to work which was May 2007. In addition, she was advised that surgery was necessary. Ms. QUIROZ underwent said surgery on or about July 26, 2007. RITE AID was properly informed and was provided the requisite forms from Ms. QUIROZ' health care providers;

1    i. On or about July 12, 2007 and while on her properly noticed medical leave of

2    absence, Ms. QUIROZ was shopping in a RITE AID store in Encinitas and was

3    informed her employee discount card was no longer operative. When Ms. QUIROZ

4    called her direct supervisor, Kim Garcia, Ms. Garcia claimed to not know why the

5    card was deactivated. Approximately two days later, on Sunday July 15, 2007, Ms.

6    Garcia called Ms. QUIROZ at her home and informed her she had been terminated

7    by RITE AID. She claimed to not know why;

8    j. At no time did RITE AID make any effort to contact Ms. QUIROZ and let her

9    know she was terminated or the reason she was terminated;

10   k. Ms. QUIROZ is now informed and believes that the RITE AID store she

11   previously worked at for 9 years replaced her position with a 23 year old woman who

12   currently works Ms. QUIROZ' hours and shifts.

13   11. After some follow up with the UFCW LOCAL 135 Union, Ms. QUIROZ was informed

14   by Odette Kaufman in the Grievance Department that Ms. QUIROZ was likely the victim of a

15   wrongful termination and unfortunately "no one cared at RITE AID."

16   12. In a letter dated November 8, 2007, Ms. QUIROZ, through her counsel, advised RITE

17   AID's legal department that she was represented by counsel and requested that all further

18   communications be directed to counsel.

19   13. In response, Ms. QUIROZ received a letter dated November 30, 2007 from Daniel E.

20   Pina, RITE AID's Regional Human Resources Manager in San Diego. The letter stated that Ms.

21   QUIROZ's termination was due to her Leave of Absence paperwork not being approved because of

22   missing information. He further informed her that if he did not hear from her within 14 days, he

23   would consider her a voluntary quit.

24   14. Ms. QUIROZ, through counsel, addressed Mr. Pina's pretextural defense/reply in a letter

25   dated December 7, 2008. Defendant RITE AID, through its' employee Mr. Pina, was again directed

26   to communicate only with Ms. QUIROZ's counsel.

27   15. On December 11, 2008 at approximately 1:40 p.m. after receiving these notices and in

28   complete disregard of them, Defendant RITE AID, by and through Mr. Pina, called Ms. QUIROZ

QUIROS v. RITE AID COMPLAINT                5

1 on her phone and spoke with a rude, condescending, offensive and aggressive tone. He told her she

2 was "preposterous," and asked her "what did she think she was doing?"

3 16. RITE AID's wrongful conduct has caused, and undoubtedly will continue to cause, severe

4 economic and emotional damages. RITE AID's conduct has also resulted in stress, tension and panic

5 attacks, causing her further emotional distress and discomfort.

6 17. As detailed hereinabove, Plaintiff is informed and believes she was harassed, intimidated,

7 discriminated and retaliated against by Defendant RITE AID in an effort to eliminate Plaintiff as an

8 employee at RITE AID based primarily upon, among other things, Plaintiff Ms. QUIROZ's age, 52,

9 and her physical disability.

10 18. Plaintiff is further informed and believes that Defendant RITE AID and/or its employees

11 conspired to pretextually and wrongfully terminate Plaintiff by eliminating Plaintiff because Plaintiff

12 Ms. QUIROZ was 52 years old; intentionally setting Plaintiff up and lying to Plaintiff concerning

13 the plan and scheme to eliminate Plaintiff's employment; eliminating and/or taking away Plaintiff's

14 responsibilities; and discriminatorily hiring significantly younger salespersons to take Plaintiff's

15 responsibilities.

16 19. At all times relevant herein, Plaintiff conducted herself in accordance with all of the

17 policies and procedures of RITE AID and performed her employment duties in a proper fashion.

18 20. As a direct and proximate result of the misconduct alleged above, Plaintiff has/will suffer

19 lost income and benefits in an amount not less than $75,000.00, all in an amount to be shown

20 according to proof. Plaintiff claims such amount as damages together with prejudgment interest

21 pursuant to *Civil Code §3287* and/or any other provision of law providing for prejudgment interest.

22 21. As a direct and proximate cause of the wrongful activities alleged above, Plaintiff has

23 suffered emotional distress directly associated with having to endure discrimination based upon

24 Plaintiff's age; discriminatory hostile and/or unfair work environment and/or harassment; retaliation

25 and unfairness directed towards Plaintiff; and/or unjust failure to promote; and/or unjust

26 proposed/actual termination as a result of age discrimination by RITE AID. By this complaint,

27 Plaintiff does not waive any privacy rights she may have under *Cal. Const.*, Art. I, § 1; *Evid. Code*

28 § 994; *Evid. Code* §1014; *Vinson v. Superior Court* 43 Cal. 3d 833, 840, 9 Cal. Rptr. 292, 297.

FIRST CAUSE OF ACTION
(Discrimination in Violation of Federal Statutes and *Government Code*, §12940, et seq. and *Americans With Disabilities Act of 1990;* 42 USC §§12101-12213)

22. Plaintiff refers to and incorporates by reference herein each and every allegation contained in paragraphs 1 through 21 above.

23. The harassment, intimidation, discrimination and retaliation against Plaintiff by Defendants was decided upon by Defendants due to, among other things, Plaintiff's physical disability. This decision was made by Defendants RITE AID and Does 1-50.

24. Defendant RITE AID had actual knowledge of the misconduct as well as the pervasive, harassing, intimidating, discriminatory and retaliatory environment in which Plaintiff was forced to work. Furthermore, Defendant RITE AID authorized and ratified the acts of Plaintiff's supervisors and DOES 1 through 50.

25. The conduct of Defendants constituted discrimination based on a physical disability under *Government Code* §12940, 12941, et seq. and *Americans With Disabilities Act of 1990;* 42 USC §§12101-12213.

26. At all times relevant herein, Defendant RITE AID was an employer within the definition of *Government Code* §12926(c) and, as such, barred from discriminating in employment decisions on the basis of physical disability under *Government Code* §§12940, 12941, et seq. and *Americans With Disabilities Act of 1990;* 42 USC §§12101-12213.

27. Defendant RITE AID's acts as alleged herein were in violation of public policy. The public policy which was violated by Defendant RITE AID is the public policy of the United States and the State of California which prohibits an employer from harassing, intimidating, discriminating or retaliating against its employees for, among other things, an employee's physical disability. Said acts constitute employment practices forbidden pursuant to *Government Code*, §12940 et seq. and *Americans With Disabilities Act of 1990;* 42 USC §§12101-12213. Furthermore, it is illegal for an employer to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring. *Government Code*, §12940 (h)(i).

28. Defendant RITE AID violated this public policy by harassing, intimidating, discriminating and retaliating against Plaintiff for Plaintiff's physical disability. Said acts constitute

1  forbidden employment practices pursuant to *Government Code*, §12940 et seq. and *Americans With*

2  *Disabilities Act of 1990;* 42 USC §§12101-12213. All of the foregoing are in violation of the public

3  policy of this State, so as to entitle Plaintiff to sue for the injuries and damages suffered by her as

4  a result thereof.

5     29. As a proximate result of Defendants' bad faith harassment, intimidation, discrimination

6  and retaliation against Plaintiff in violation of statutorily expressed public policy, Plaintiff has

7  suffered and continues to suffer the injuries and damages alleged above.

8

9                    SECOND CAUSE OF ACTION
   (Discrimination And Retaliation in Violation of *Government Code* §12940, et seq.
10                and the *Age Discrimination and Employment Act*)

11    30. Plaintiff refers to and incorporates by reference herein each and every allegation

12  contained in paragraphs 1 through 21 above.

13    31. The acts of Defendants alleged above constitute a violation of Plaintiff's California

14  Constitutional rights under Article 1, §8, entitling Plaintiff to bring an action for damages under

15  *Government Code* §12940.

16    32. As a direct and proximate result of the unconstitutional acts of Defendant RITE AID

17  alleged above, Plaintiff has suffered the injuries and damages alleged above.

18    33. The acts of Defendant RITE AID above, constitute a disparate and hostile work

19  environment with respect to age, wherein a reasonable person would find the work environment

20  disparate and hostile and quid pro quo discriminatory.

21    34. As decided by the US Supreme Court, in *Smith v. City of Jackson, Case No. 03-1160* the

22  Court has adopted a pro worker interpretation of Federal law and ruled employees can prevail in age

23  discrimination cases merely by showing a policy has *a discriminatory effect* on older workers

24  regardless of the employer's motivation. This Court is empowered to, and should exercise its

25  equitable powers, enjoining Defendant's illegal activities.

26    35. The harassment, intimidation, discrimination and retaliation against Plaintiff by

27  Defendants was decided upon by Defendants substantially due to Plaintiff's age. This decision was

28  made by Defendant RITE AID and Does 1-50.

QUIROS v. RITE AID COMPLAINT                    8

1       36. Defendant RITE AID had actual knowledge of the pervasive, harassing, intimidating,

2    discriminatory and retaliatory work environment Plaintiff was forced to work in.  Furthermore,

3    Defendant RITE AID maliciously and intentionally authorized and ratified the acts of supervisors

4    and other managerial personnel in discriminating against Plaintiff based upon her age.

5       37. The conduct of Defendants constituted discrimination based on age under *Government*

6    *Code* §12940, 12941, et seq. and further, Defendant RITE AID is liable pursuant to the *Age*

7    *Discrimination and Employment Act.*

8       38. At all times relevant herein, Defendant RITE AID was an employer within the definition

9    of *Government Code* §12926(c) and, as such, barred from discriminating in employment decisions

10   on the basis of age under *Government Code* §12940, 12941, et seq. and pursuant to the *Age*

11   *Discrimination and Employment Act.*

12      39. Defendant RITE AID's acts as alleged herein were in violation of public policy. The

13   public policy which was violated by Defendant RITE AID is the public policy of the United States

14   and the State of California which prohibits an employer from harassing, retaliating or discriminating

15   against its employees for, among other things, an employee's age under the *Age Discrimination and*

16   *Employment Act.*  Furthermore, it is illegal for an employer to fail to take all reasonable steps

17   necessary to prevent discrimination and harassment from occurring. *Government Code* §12940 (h)(i)

18      40. Defendant RITE AID violated this public policy by harassing, intimidating,

19   discriminating and retaliating against Plaintiff for Plaintiff's advanced age and further, Defendant

20   RITE AID is liable pursuant to the *Age Discrimination and Employment Act.*  All of the foregoing

21   are in violation of the public policy of this State, so as to entitle Plaintiff to sue for the injuries and

22   damages suffered by her as a result thereof.

23      41. As a proximate result of Defendants' bad faith harassment, intimidation, discrimination

24   and retaliation against Plaintiff in violation of statutorily expressed public policy, Plaintiff has

25   suffered and continues to suffer the injuries and damages alleged above.

26   ///

27   ///

28   ///

THIRD CAUSE OF ACTION
(Intentional Infliction of Emotional Distress Against Defendant RITE AID and DOES 1-50)

42. Plaintiff refers to and incorporates by reference herein each and every allegation contained in paragraphs 1 through 21 above.

43. On the dates set forth above, Plaintiff became aware she was being harassed, intimidated, discriminated and retaliated against by Defendant RITE AID. The wrongful conduct was ratified and approved by Defendants.

44. Defendant RITE AID intentionally, and with a malicious motive, engaged in conduct that was calculated to cause Plaintiff to suffer humiliation, mental anguish and emotional distress. This conduct included harassing, intimidating, discriminating and retaliating against Plaintiff without good cause and falsely justifying such action. Defendant's conduct in confirming and ratifying the wrongful conduct of its supervisors and managers was done with the knowledge that it would cause Plaintiff severe emotional distress and hardship and with a wanton and reckless disregard of the consequences to Plaintiff.

45. Defendants' wrongful conduct against Plaintiff was extreme and outrageous in that at all times they knew they were harassing, intimidating, discriminating and retaliating against an employee, both prior to her wrongful termination and after, who had worked with extraordinary commitment while in the employ of Defendant. Defendant knew that such arbitrary, intentional and wrongful conduct on the part of Defendant without good cause and under false pretenses would cause Plaintiff severe emotional distress and hardship and leave her without a job, a career to which she had expended many years of service in constructing, and a means to support herself and her family.

46. As a proximate result of Defendants' intentional conduct, Plaintiff was injured in her health, strength and activity, sustaining substantial shock and injury to her nervous system and person. All of the injuries have caused and continue to cause Plaintiff great mental distress, pain and suffering.

///

///

QUIROS v. RITE AID COMPLAINT                    10

FOURTH CAUSE OF ACTION
(Negligent Infliction of Emotional Distress
Against Defendant RITE AID and DOES 1-50)

47. Plaintiff refers to and incorporates by reference herein each and every allegation contained in paragraphs 1 through 21 above.

48. On the dates set forth above, Plaintiff became aware that she was being harassed, intimidated, discriminated and retaliated against by Defendant RITE AID. This wrongful conduct was ratified and approved by Defendant.

49. Defendants negligently engaged in the conduct of harassing, intimidating, discriminating and retaliating against Plaintiff without good cause and by falsely justifying such wrongful conduct even though Defendant RITE AID knew or should have known that such wrongful conduct would cause Plaintiff to suffer humiliation, mental anguish, and emotional distress.

50. As a proximate result of Defendants' negligent conduct, Plaintiff was injured in her health, strength and activity, sustaining substantial shock and injury to her nervous system and person. All of the injuries have caused and continue to cause Plaintiff great mental distress, pain and suffering.

WHEREFORE, Plaintiff Ms. QUIROZ PRAYS FOR JUDGMENT AS FOLLOWS:

1. For an award against Defendants, jointly and severally, of actual, consequential and incidental losses, including but not limited to loss of income and benefits in an amount to be shown according to proof, together with prejudgment interest pursuant to *Civil Code* §3287 and/or 3288.

2. For an award against Defendants, jointly and severally, of general damages in an amount to be shown according to proof.

3. For exemplary and punitive damages for Defendants' oppression and malice, in an amount commensurate with Defendants' ability to pay, according to proof at trial.

4. For costs of suit and attorneys fees under the DFEH.

///

///

///

5. For such other and further damages as the court deems just and proper.

Dated: 1/18/08

CURRAN & CURRAN LAW

By: _____
SUSAN CURRAN, Esq.
Attorney for Plaintiff

## JURY TRIAL DEMANDED
Plaintiff demands trial of all issues by jury.

Dated: 1/18/08

CURRAN & CURRAN LAW

By: _____
SUSAN CURRAN, Esq.
Attorney for Plaintiff

**EX I**

I, KIM GARCIA, STORE MGR. OF RITE AID #5666, GIVE PATRICIA QUIROZ 37 DAYS OFF FROM HER JOB DUE TO FOOT INJURY AND A DOCTOR'S NOTE STARTING APRIL 9TH. ANY QUESTIONS PLEASE CONTACT ME 858·792-0756.

KIM A. GARCIA.

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

STREET ADDRESS: 325 S. Melrose
MAILING ADDRESS: 325 S. Melrose
CITY AND ZIP CODE: Vista, CA 92081
BRANCH NAME: North County
TELEPHONE NUMBER: (760) 806-6346

PLAINTIFF(S) / PETITIONER(S):   Patricia Quiroz

DEFENDANT(S) / RESPONDENT(S):  Rite Aid Corporation

QUIROZ VS. RITE AID CORPORATION

| NOTICE OF CASE ASSIGNMENT | CASE NUMBER:<br>37-2008-00050640-CU-WT-NC |
|---|---|

Judge:  Jacqueline M. Stern                                    Department: N-27

**COMPLAINT/PETITION FILED:** 01/24/2008

## CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

CASE NUMBER: 37-2008-00050640-CU-WT-NC    CASE TITLE: Quiroz vs. Rite Aid Corporation

## NOTICE TO LITIGANTS/ADR INFORMATION PACKAGE

You are required to serve a copy of this Notice to Litigants/ADR Information Package and a copy of the blank Stipulation to Alternative Dispute Resolution Process (received from the Civil Business Office at the time of filing) with a copy of the Summons and Complaint on all defendants in accordance with San Diego Superior Court Rule 2.1.5, Division II and CRC Rule 201.9.

## ADR POLICY

It is the policy of the San Diego Superior Court to strongly support the use of Alternative Dispute Resolution ("ADR") in all general civil cases. The court has long recognized the value of early case management intervention and the use of alternative dispute resolution options for amenable and eligible cases. The use of ADR will be discussed at all Case Management Conferences. It is the court's expectation that litigants will utilize some form of ADR – i.e. the court's mediation or arbitration programs or other available private ADR options as a mechanism for case settlement before trial

## ADR OPTIONS

1) **CIVIL MEDIATION PROGRAM:** The San Diego Superior Court Civil Mediation Program is designed to assist parties with the early resolution of their dispute. All general civil independent calendar cases, including construction defect, complex and eminent domain cases are eligible to participant in the program. Limited civil collection cases are not eligible at this time. San Diego Superior Court Local Rule 2.31, Division II addresses this program specifically. Mediation is a non- binding process in which a trained mediator 1) facilitates communication between disputants, and 2) assists parties in reaching a mutually acceptable resolution of all or part of their dispute. In this process, the mediator carefully explores not only the relevant evidence and law, but also the parties' underlying interests, needs and priorities. The mediator is not the decision-maker and will not resolve the dispute – the parties do. Mediation is a flexible, informal and confidential process that is less stressful than a formalized trial. It can also save time and money, allow for greater client participation and allow for more flexibility in creating a resolution.

**Assignment to Mediation, Cost and Timelines:** Parties may stipulate to mediation at any time up to the CMC or may stipulate to mediation at the CMC. Mediator fees and expenses are split equally by the parties, unless otherwise agreed. Mediators on the court's approved panel have agreed to the court's payment schedule for county-referred mediation: $150.00 per hour for each of the first two hours and their individual rate per hour thereafter. Parties may select any mediator, however, the court maintains a panel of court-approved mediators who have satisfied panel requirements and who must adhere to ethical standards. All court-approved mediator fees and other policies are listed in the Mediator Directory at each court location to assist parties with selection. **Discovery:** Parties do not need to conduct full discovery in the case before mediation is considered, utilized or referred. **Attendance at Mediation:** Trial counsel, parties and all persons with full authority to settle the case must personally attend the mediation, unless excused by the court for good cause. .

2) **JUDICIAL ARBITRATION:** Judicial Arbitration is a binding or non-binding process where an arbitrator applies the law to the facts of the case and issues an award. The goal of judicial arbitration is to provide parties with an adjudication that is earlier, faster, less formal and less expensive than trial. The arbitrator's award may either become the judgment in the case if all parties accept or if no trial de novo is requested within the required time. Either party may reject the award and request a trial de novo before the assigned judge if the arbitration was non-binding. If a trial de novo is requested, the trial will usually be scheduled within a year of the filing date.

**Assignment to Arbitration, Cost and Timelines:** Parties may stipulate to binding or non-binding judicial arbitration or the judge may order the matter to arbitration at the case management conference, held approximately 150 days after filing, if a case is valued at under $50,000 and is "at issue". The court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. In addition, if parties select an arbitrator from the court's panel, the court will pay the arbitrator's fees. Superior Court

**3) SETTLEMENT CONFERENCES:** The goal of a settlement conference is to assist the parties in their efforts to negotiate a settlement of all or part of the dispute. Parties may, at any time, request a settlement conference before the judge assigned to their case; request another assigned judge or a pro tem to act as settlement officer; or may privately utilize the services of a retired judge. The court may also order a case to a mandatory settlement conference prior to trial before the court's assigned Settlement Conference judge.

**4) OTHER VOLUNTARY ADR:** Parties may voluntarily stipulate to private ADR options outside the court system including private binding arbitration, private early neutral evaluation or private judging at any time by completing the "Stipulation to Alternative Dispute Resolution Process" which is included in this ADR package. Parties may also utilize mediation services offered by programs that are partially funded by the county's Dispute Resolution Programs Act. These services are available at no cost or on a sliding scale based on need. For a list of approved DRPA providers, please contact the County's DRPA program office at (760) 726-4900.

**ADDITIONAL ADR INFORMATION:** For more information about the Civil Mediation Program, please contact the Civil Mediation Department at (619) 515-8908. For more information about the Judicial Arbitration Program, please contact the Arbitration Office at (619) 531-3818. For more information about Settlement Conferences, please contact the Independent Calendar department to which your case is assigned. Please note that staff can only discuss ADR options and cannot give legal advice.

| | FOR COURT USE ONLY |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO** | |
| STREET ADDRESS:  325 S. Melrose | |
| MAILING ADDRESS:  325 S. Melrose | |
| CITY, STATE, & ZIP CODE: Vista, CA  92081-6695 | |
| BRANCH NAME:  North County | |

| |
|---|
| PLAINTIFF(S):  Patricia Quiroz |
| DEFENDANT(S): Rite Aid Corporation |
| SHORT TITLE:  QUIROZ VS. RITE AID CORPORATION |

| **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION PROCESS**<br>**(CRC 3.221)** | CASE NUMBER:<br>37-2008-00050640-CU-WT-NC |
|---|---|

Judge: Jacqueline M. Stern                                                          Department: N-27

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution process. Selection of any of these options will not delay any case management time-lines.

☐  Court-Referred Mediation Program          ☐  Court-Ordered Nonbinding Arbitration

☐  Private Neutral Evaluation                        ☐  Court-Ordered Binding Arbitration (Stipulated)

☐  Private Mini-Trial                                        ☐  Private Reference to General Referee

☐  Private Summary Jury Trial                        ☐  Private Reference to Judge

☐  Private Settlement Conference with Private Neutral          ☐  Private Binding Arbitration

☐  Other (specify):  _____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name)  _____

_____

_____

Alternate: (mediation & arbitration only)  _____

Date: _____                    Date: _____

_____                _____
Name of Plaintiff                                                      Name of Defendant

_____                _____
Signature                                                                 Signature

_____                _____
Name of Plaintiff's Attorney                                      Name of Defendant's Attorney

_____                _____
Signature                                                                 Signature

(Attach another sheet if additional names are necessary). It is the duty of the parties to notify the court of any settlement pursuant to California Rules of Court, 3.1385. Upon notification of the settlement the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court and all un-served, non-appearing or actions by names parties are dismissed.

**IT IS SO ORDERED.**

Dated:  01/24/2008                                            _____
                                                                              JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 01-07)                                                                                                          Page: 1

**STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**

3

**CM-010**

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** (Name, State Bar number, and address):<br>Susan Curran SBN227886<br>Curran & Curran Law<br>843 Second Street<br>Suite A<br>Encinitas, CA 92024<br>　TELEPHONE NO.: (760) 634-1229　FAX NO.: (760) 634-0729<br>ATTORNEY FOR (Name): PATRICIA QUIROZ | FOR COURT USE ONLY<br><br>08 JAN 24 AM 11: 42<br><br>(20)<br>CLERK-SUPERIOR COURT<br>SAN DIEGO COUNTY, CA |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Diego
　STREET ADDRESS: 325 S. Melrose
　MAILING ADDRESS: 325 S. Melrose
　CITY AND ZIP CODE: Vista, CA 92083
　BRANCH NAME: North County Division

**CASE NAME:** Quiroz v. Rite Aid Corp.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER:<br>37-2008-00050640-CU-WT-NC |
|---|---|---|
| [X] **Unlimited** [ ] **Limited**<br>　(Amount　　(Amount<br>　demanded　demanded is<br>　exceeds $25,000) $25,000 or less) | [ ] **Counter** [ ] **Joinder**<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

**1.** Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400-3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Mass tort (40) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Product liability (24) | **Real Property** | [ ] Insurance coverage claims arising from the |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | above listed provisionally complex case |
| [ ] Other PI/PD/WD (23) | condemnation (14) | types (41) |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition *(not specified above)* (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [X] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

**2.** This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
　a. [ ] Large number of separately represented parties　　d. [ ] Large number of witnesses
　b. [ ] Extensive motion practice raising difficult or novel　e. [ ] Coordination with related actions pending in one or more courts
　　issues that will be time-consuming to resolve　　　in other counties, states, or countries, or in a federal court
　c. [ ] Substantial amount of documentary evidence　　f. [ ] Substantial postjudgment judicial supervision

**3.** Remedies sought *(check all that apply)*: a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [X] punitive

**4.** Number of causes of action *(specify):* 4

**5.** This case [ ] is [X] is not a class action suit.

**6.** If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: January 18, 2008

Susan Curran SBN227886
_____
(TYPE OR PRINT NAME)
　　　　　　　　　　　　　　　　　　　　　(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10 |

*Legal Solutions Plus*

*QUIROZ v. RITE AID CORPORATION*
SDSC Case No. 37-2008-00050640-CU-WT-NC

### DECLARATION OF SERVICE

I am employed in the County of San Diego, State of California. I am over the age of 18 and not a party to the within action. My business address is 843 Second Street, Suite A, Encinitas, CA 92024.

On January 31, 2008 I served the foregoing documents, described as:

**SUMMONS [SUM-100]; CIVIL CASE COVER SHEET [CM-010]; COMPLAINT FOR DAMAGES; NOTICE OF CASE ASSIGNMENT; ADR INFORMATION PACKAGE**

on the parties of interest as follows:

Legal Department
Rite Aid Corporation
30 Hunter Lane
Camp Hill, PA 17011

(X)    **BY OVERNIGHT MAIL**
VIA ___UPS_____: By delivering such document(s) to an overnight mail service or an authorized courier in a sealed envelope or package designated by the express service courier addressed to the person(s) on whom it is to be served pursuant to CCP §§415.40, 1013.

( )    **BY U.S. MAIL**
( )    I placed a true and correct copy of said document(s) in sealed a envelope(s) addressed according to the above listed parties and deposited such envelope(s) in the mail at Encinitas, California. The envelope(s) was/were mailed with postage thereon fully prepaid.

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

( )    **BY FACSIMILE SERVICE**
On _____, during regular business hours, I caused the above-listed document(s) to be transmitted by facsimile to the person(s) and numbers(s) listed as follows:

(X)    STATE    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

( )    FEDERAL    I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 31, 2008 at Encinitas, California.

_____
Mindy Burroughs

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Susan Curran SBN227886<br>Curran & Curran Law<br>843 Second Street<br>Suite A<br>Encinitas, CA 92024<br>TELEPHONE NO. *(Optional):* (760) 634-1229    FAX NO. *(Optional):* (760) 634-0729<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* PATRICIA QUIROZ | |

| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO** | |
|---|---|
| ☐ HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101-3827<br>☒ NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92083-6643<br>☐ EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020-3941<br>☐ RAMONA BRANCH, 1428 MONTECITO RD., RAMONA, CA 92065-5200<br>☐ SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910-5649 | |

| PLAINTIFF(S) PATRICIA QUIROZ | JUDGE: Jacqueline M.Stern |
|---|---|
| DEFENDANT(S) RITE AID CORPORATION | DEPT: N-27 |

| **CERTIFICATE OF SERVICE**<br>**(San Diego Superior Court Rules, Division II, Rule 2.5)** | CASE NUMBER<br>37-2008-00050640-CU-WT-NC |
|---|---|

I certify under penalty of perjury under the laws of the State of California that all defendants named in the complaint of the above-entitled case have either made a general appearance or have been properly and timely served in compliance with San Diego Superior Court Rules, Division II, Rule 2.5.

Date: February 4, 2008

_____
Signature

SUSAN CURRAN
Typed or printed name

NOTES:

If service cannot be effected on all defendants within 60 days of filing the complaint, DO NOT USE THIS CERTIFICATE, but file the form CERTIFICATE OF PROGRESS (SDSC CIV-144) stating the reasons why service has not been effected on all parties and what is being done to effect service.

THE FILING OF A GENERAL APPEARANCE BY A DEFENDANT DOES NOT DISPENSE WITH THE PLAINTIFF'S OBLIGATION TO FILE THIS DOCUMENT.

HODEL BRIGGS WINTER LLP
GLENN L. BRIGGS (SB# 174497)
THERESA A. KADING (SB# 211469)
8105 Irvine Center Drive, Suite 1400
Irvine, CA 92618
Telephone: (949) 450-8040
Facsimile: (949) 450-8033

Attorneys for Defendant
THRIFTY PAYLESS, INC. dba "Rite Aid" (erroneously sued
herein as "Rite Aid Corporation")

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO, NORTH COUNTY BRANCH

| | |
|---|---|
| PATRICIA QUIROZ, an individual,<br><br>Plaintiff,<br><br>v.<br><br>RITE AID CORPORATION, an unknown entity and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO. 37-2008-00050640-CU-WT-NC<br><br>JUDGE JACQUELINE M. STERN<br>DEPARTMENT N-27<br><br>**ANSWER OF DEFENDANT THRIFTY PAYLESS, INC. TO PLAINTIFF'S UNVERIFIED COMPLAINT FOR DAMAGES**<br><br>Filed: January 24, 2008<br>Trial: None set |

29088_1

ANSWER TO COMPLAINT FOR DAMAGES

Defendant Thrifty Payless, Inc. (erroneously sued and served herein as "Rite Aid Corporation") (hereinafter, "Defendant"), for itself and no other defendants, answers the unverified Complaint ("Complaint") of plaintiff Patricia Quiroz ("Plaintiff") as follows:

Pursuant to California Code of Civil Procedure Section 431.30(d), Defendant denies generally and specifically each and every allegation in the Complaint. Defendant further denies, generally and specifically, that Plaintiff is entitled to the relief requested, or that Plaintiff has been or will be damaged in any sum, or at all, by reason of any act or omission on the part of Defendant.

## FIRST AFFIRMATIVE DEFENSE

1.     The Complaint, and each purported cause of action contained therein, fails to state facts sufficient to constitute a cause of action against Defendant.

## SECOND AFFIRMATIVE DEFENSE

2.     Plaintiff has waived her right to assert and/or is estopped from asserting her Complaint, and each purported cause of action contained therein, by her own actions and course of conduct.

## THIRD AFFIRMATIVE DEFENSE

3.     The Complaint, and each purported cause of action contained therein, is barred in whole or in part by all applicable statutes of limitation, including but not limited to California Civil Procedure Code Sections 335.1, 337, 338, 339, 340, and 343,

29088_1

1

1    California Government Code Section 12965, 29 U.S.C. § 626 et seq., and 42 U.S.C. §§

2    2000e-5; 12117.

3

4                         FOURTH AFFIRMATIVE DEFENSE

5

6            4.    The Complaint, and each purported cause of action contained therein,

7    is barred in whole or in part by the doctrine of laches because Plaintiff unreasonably

8    delayed in bringing her action and Defendant was prejudiced as a result.

9

10                          FIFTH AFFIRMATIVE DEFENSE

11

12           5.    The Complaint, and each purported cause of action contained therein,

13   is barred in whole or in part because Defendant had an honest, good faith belief that all

14   decisions with respect to Plaintiff's employment were made by Defendant solely for

15   legitimate, business-related reasons and were reasonably based upon the facts as

16   Defendant understood them.

17

18                          SIXTH AFFIRMATIVE DEFENSE

19

20           6.    The Complaint, and each purported cause of action contained therein,

21   is barred in whole or in part by the doctrine of unclean hands.

22

23                         SEVENTH AFFIRMATIVE DEFENSE

24

25           7.    Plaintiff's causes of action, arising under the FEHA, are barred to the

26   extent the allegations contained therein do not reasonably fall within the scope of any

27   claims made in any administrative complaint or charge filed by Plaintiff with the DFEH

28   and/or EEOC.

29088_1                                -2-

ANSWER TO COMPLAINT FOR DAMAGES

1

2

### EIGHTH AFFIRMATIVE DEFENSE

3        8.      Plaintiff's causes of action, arising under the FEHA, are barred

4    because Plaintiff did not timely exhaust the administrative remedies as required and/or

5    otherwise failed to comply with all the statutory prerequisites to bring suit pursuant to the

6    FEHA.  Cal. Gov't Code §§ 12900 et seq.

7

8

### NINTH AFFIRMATIVE DEFENSE

9

10        9.      Plaintiff's causes of action, arising under the ADA and the ADEA,

11   are barred because Plaintiff did not timely exhaust the administrative remedies as required

12   and/or otherwise failed to comply with all the statutory prerequisites to bring suit under

13   the ADA and the ADEA.  See 29 U.S.C. § 626 et seq.; 42 U.S.C. §§ 2000e-5; 12117.

14

15

### TENTH AFFIRMATIVE DEFENSE

16

17        10.     The Complaint, and each purported cause of action contained therein,

18   is barred in whole or in part because Defendant exercised reasonable care to prevent and

19   correct promptly discriminatory, harassing, or retaliatory behavior, if any.

20

21

### ELEVENTH AFFIRMATIVE DEFENSE

22

23        11.     The Complaint, and each purported cause of action contained therein,

24   is barred in whole or in part because Plaintiff unreasonably failed to take advantage of any

25   preventive or corrective opportunities provided by Defendant or otherwise to avoid harm.

26

27

28

ANSWER TO COMPLAINT FOR DAMAGES

1                           TWELFTH AFFIRMATIVE DEFENSE

2

3              12.    Defendant affirmatively alleges to each and every cause of action

4    sought to be stated in the Complaint, that the injuries and damages, if any, sustained by

5    Plaintiff as alleged in the complaint were proximately caused by the acts, errors,

6    omissions and/or negligence of Plaintiff herself, and not as a direct and proximate result

7    of conduct on the part of Defendant, whether as alleged or otherwise.  In the event that

8    any judgment or recovery is had against Defendant by Plaintiff, Defendant alleges that it

9    is entitled to a reduction of any such judgment or recovery in direct proportion to the

10   percentage of comparative fault attributable to Plaintiff.

11

12                          THIRTEENTH AFFIRMATIVE DEFENSE

13

14             13.    Any and all claims in the Complaint based in whole or in part upon

15   any alleged disability of Plaintiff are barred because Plaintiff's proposed accommodations

16   are unreasonable and/or would constitute an undue hardship to Defendant.

17

18                          FOURTEENTH AFFIRMATIVE DEFENSE

19

20             14.    The Complaint, and each purported cause of action contained therein,

21   is barred in whole or in part because Plaintiff consented to or welcomed the actions

22   complained of to the extent, if any, that they occurred.

23

24                          FIFTEENTH AFFIRMATIVE DEFENSE

25

26             15.    The Complaint, and each purported cause of action contained therein,

27   is barred in whole or in part because Plaintiff failed to notify the appropriate management

28   personnel of the allegedly improper conduct which forms the basis of the Complaint.

29088_1                                    -4-

ANSWER TO COMPLAINT FOR DAMAGES

## SIXTEENTH AFFIRMATIVE DEFENSE

16. Any and all claims in the Complaint based in whole or in part upon any alleged physical or emotional injury or distress, are barred because Plaintiff's sole and exclusive remedy, if any, for such injuries is governed by the California Workers' Compensation Act and before the Workers' Compensation Appeals Board. Cal. Lab. Code §§ 3600 et seq.

## SEVENTEENTH AFFIRMATIVE DEFENSE

17. Plaintiff is barred from recovering monetary damages to the extent that she has failed to mitigate or reasonably attempt to mitigate her damages, if any, as required by law.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18. Plaintiff is barred from recovering monetary damages, in whole or in part, by the after-acquired evidence doctrine.

## NINETEENTH AFFIRMATIVE DEFENSE

19. Plaintiff is barred from recovering monetary damages, in whole or in part, by the "avoidable consequences" doctrine.

## TWENTIETH AFFIRMATIVE DEFENSE

20. Plaintiff is not entitled to recover punitive or exemplary damages because: (a) Plaintiff has failed to plead facts sufficient to support allegations of malice or

1  reckless indifference for the rights of Plaintiff or that Defendant was motivated by evil

2  motive or intent; (b) neither Defendant nor any managerial agent of Defendant committed

3  any alleged malicious or reckless act, authorized or ratified such an act, or had advance

4  knowledge of the unfitness, if any, of any employee or employees who allegedly

5  committed such an act, or employed any such employee or employees with a reckless

6  indifference towards the rights or safety of others, and (c) an award of punitive or

7  exemplary damages under the circumstances alleged would violate the due process

8  clauses of the United States and California constitutions.

9

10                      TWENTY-FIRST AFFIRMATIVE DEFENSE

11

12          21.     Plaintiff is barred from recovering punitive damages because

13  Defendant had in place a policy to prevent discrimination, harassment, and retaliation and

14  made good faith efforts to implement and enforce that policy.

15

16          WHEREFORE, Defendant prays for judgment as follows:

17

18          1.      That Plaintiff take nothing by reason of her Complaint;

19

20          2.      That the Complaint herein be dismissed in its entirety with prejudice,

21  and that judgment be entered for Defendant and against Plaintiff;

22

23          3.      That Defendant be awarded its reasonable costs and attorneys' fees;

24  and

25

26

27

28

29088_1

ANSWER TO COMPLAINT FOR DAMAGES

1        4.    For such other and further relief as the Court deems just and proper.

2

3    DATED:  February 26, 2008    HODEL BRIGGS WINTER LLP
    GLENN L. BRIGGS
4        THERESA A. KADING

5

6

7        By: _Theresa Kading_____
           THERESA A. KADING

8        Attorneys for Defendant
    THRIFTY PAYLESS, INC. dba "Rite Aid"
9        (erroneously sued herein as "Rite Aid Corporation")

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

29088_1

-7-

ANSWER TO COMPLAINT FOR DAMAGES

## PROOF OF SERVICE

STATE OF CALIFORNIA               )
                                      ) ss:

COUNTY OF ORANGE              )

I am employed in the County of Orange, State of California. I am over the age of 18, and not a party to the within action. My business address is Hodel Briggs Winter LLP, 8105 Irvine Center Drive, Suite 1400, Irvine, CA 92618.

On **February 26, 2008**, I served the foregoing document(s) described as: **ANSWER OF DEFENDANT THRIFTY PAYLESS, INC. TO PLAINTIFF'S UNVERIFIED COMPLAINT FOR DAMAGES** on the interested parties by placing a true and correct copy thereof in a sealed envelope(s) addressed as follows:

Susan Curran, Esq.
Curran & Curran Law
843 Second Street, Suite A
Encinitas, California  92024
Telephone: (760) 634-1229
Facsimile: (760) 634-0729

☒    **BY MAIL:** I caused such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Irvine, California. I am readily familiar with the practice of Hodel Briggs Winter LLP for collection and processing correspondence for mailing. Under that practice, it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐    **BY FACSIMILE:** I caused said document(s) to be transmitted to a facsimile machine maintained by the office of the addressee(s) at the facsimile machine number(s) indicated. Said facsimile number(s) are the most recent numbers appearing on documents filed and served by the addressee(s). I received electronic confirmation from the facsimile machine that said document was successfully transmitted without error. A copy of said electronic confirmation is maintained in this office.

☐    **BY OVERNIGHT DELIVERY:** I am readily familiar with the practice of Hodel Briggs Winter LLP for the collection and processing of correspondence for overnight delivery and know that the document(s) described herein will be deposited in a box or other facility regularly maintained by _____ for overnight delivery.

☒    **STATE:** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☐    **FEDERAL:** I declare under penalty of perjury under the laws of the United States of America that the above is true and correct and that I took said action(s) at the direction of a licensed attorney authorized to practice before this Federal Court.

Executed on **February 26, 2008** at Irvine, California.

_____
Heather Dorris

**EXHIBIT C**



1   HODEL BRIGGS WINTER LLP
    GLENN L. BRIGGS (SB# 174497)
2   THERESA A. KADING (SB# 211469)
    8105 Irvine Center Drive, Suite 1400
3   Irvine, CA 92618
    Telephone: (949) 450-8040
4   Facsimile: (949) 450-8033

5   Attorneys for Defendant
    THRIFTY PAYLESS, INC. dba "Rite Aid" (erroneously sued
6   herein as "Rite Aid Corporation")

7

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    COUNTY OF SAN DIEGO, NORTH COUNTY BRANCH

10

11  PATRICIA QUIROZ, an individual,          CASE NO. 37-2008-00050640-CU-WT-
12                                           NC
                Plaintiff,
13                                           JUDGE JACQUELINE M. STERN
        v.                                   DEPARTMENT N-27
14
    RITE AID CORPORATION, an                 **NOTICE TO ADVERSE PARTY OF**
15  unknown entity and DOES 1 through        **REMOVAL OF CIVIL ACTION TO**
    50, inclusive,                           **THE UNITED STATES DISTRICT**
16                                           **COURT UNDER 28 U.S.C. SECTIONS**
                Defendants.                  **1367(a), 1441(b)**
17

18

19

20

21

22

23

24

25

26

27

28

28871_1

─────────────────────────────────────────────
          NOTICE TO ADVERSE PARTY OF REMOVAL

1            TO PLAINTIFF PATRICIA QUIROZ AND HER ATTORNEYS OF

2 RECORD:

3

4            PLEASE TAKE NOTICE THAT a Notice of Removal of this action was

5 filed in the United States District Court for the Southern District of California on February

6 28, 2008. A copy of said Notice of Removal and supporting exhibits are attached to this

7 Notice, and are served and filed herewith.

8

9 DATED: February 25, 2008       HODEL BRIGGS WINTER LLP

10                               GLENN L. BRIGGS

                              THERESA A. KADING

11

12                         By: *Theresa Kading*

13                            THERESA A. KADING

14                Attorneys for Defendant

               THRIFTY PAYLESS, INC. dba "Rite Aid"

15                (erroneously sued herein as "Rite Aid Corporation")

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE TO ADVERSE PARTY OF REMOVAL

HODEL BRIGGS WINTER LLP
GLENN L. BRIGGS (SB# 174497)
THERESA A. KADING (SB# 211469)
8105 Irvine Center Drive, Suite 1400
Irvine, CA 92618
Telephone: (949) 450-8040
Facsimile: (949) 450-8033

Attorneys for Defendant
THRIFTY PAYLESS, INC. dba "Rite Aid" (erroneously sued
herein as "Rite Aid Corporation")

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO, NORTH COUNTY BRANCH

| | |
|---|---|
| PATRICIA QUIROZ, an individual,<br><br>Plaintiff,<br><br>v.<br><br>RITE AID CORPORATION, an unknown entity and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO. 37-2008-00050640-CU-WT-NC<br><br>JUDGE JACQUELINE M. STERN<br>DEPARTMENT N-27<br><br>**NOTICE TO STATE COURT OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT UNDER 28 U.S.C. SECTIONS 1367(a), 1441(b)** |

28870_1

NOTICE TO STATE COURT OF REMOVAL

1       TO THE CLERK OF THE SUPERIOR COURT FOR THE COUNTY OF

2   SAN DIEGO, NORTH COUNTY BRANCH:

3

4       Attached hereto as Exhibit "1" is a true and correct copy of the Notice to

5   Adverse Party of Removal of this action to the United States District Court for the

6   Southern District of California, the original of which was filed with the United States

7   District Court for the Southern District of California with the attached exhibits on

8   February 28, 2008.

9

10

11      The filing of said Notice of Removal effects the removal of the above-

12  entitled action from this Court.

13

14  DATED:  February 25, 2008          HODEL BRIGGS WINTER LLP
                                       GLENN L. BRIGGS
15                                     THERESA A. KADING

16

17                                 By: _Theresa Kading_____

18                                     THERESA A. KADING

19                                 Attorneys for Defendant
                                   THRIFTY PAYLESS, INC. dba "Rite Aid"
20                                 (erroneously sued herein as "Rite Aid Corporation")

21

22

23

24

25

26

27

28

28870_1                        -2-

NOTICE TO STATE COURT OF REMOVAL

**UNITED STATES
DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

\# 148126    — SH
\* \* C O P Y \* \*
February 27, 2008
10:27:12

**Civ Fil Non-Pris**
USAO #.: 08CV0367
Judge..: BARRY T MOSKOWITZ
Amount.:                    $350.00 CK
Check#.: BC57780

**Total—> $350.00**

FROM: PATRICIA QUIROZ V. RITE AID CO

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

## I. (a) PLAINTIFFS
Patricia Quiroz, an individual

## DEFENDANTS
Rite Aid Corporation, an unknown entity and DOES 1 through 50, inclusive,

'08 CV 0367 BTM WMc

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Susan Curran (SB# 227886)
Curran & Curran Law
843 Second Street, Suite A
Encinitas, California 92024
Telephone: (760) 634-1229

ATTORNEYS (IF KNOWN)
Theresa A. Kading (SB# 211469)
Hodel Briggs Winter LLP
8105 Irvine Center Drive, Suite 1400
Irvine, California 92618
Telephone: (949) 450-8040

## II. BASIS OF JURISDICTION (PLACE AN 'X' IN ONE BOX ONLY)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PT | DEF |  | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business in This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
42 U.S.C. Sections 12101-12213 -- cause of action for discrimination in violation of Americans with Disabilities Act; 29 U.S.C. Section 621 et seq. -- cause of action for discrimination in violation of Age Discrimination in Employment Act

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reappointment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury - Medical Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury - Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce/ICC Rates/etc. |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 161 Medicare Act | [ ] 340 Marine | **PERSONAL PROPERTY** | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 690 Other | **SOCIAL SECURITY** | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | **LABOR** | [ ] 861 HIA (1395ff) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 862 Black Lung (923) | [ ] 891 Agricultural Acts |
| [ ] 195 Contract Product Liability | | | [ ] 720 Labor/Mgmt. Relations | [ ] 863 DIWC/DIWW (405(g)) | [ ] 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 730 Labor/Mgmt. Reporting & Disclosure Act | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motion to Vacate Sentence | [ ] 740 Railway Labor Act | [ ] 865 RSI (405(g)) | [ ] 894 Energy Allocation Act |
| [ ] 220 Foreclosure | [X] 442 Employment | **HABEAS CORPUS:** | [ ] 790 Other Labor Litigation | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | [ ] 791 Empl. Ret. Inc. Security Act | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | | [ ] 871 IRS - Third Party 26 USC 7609 | [ ] 950 Constitutionality of State Statutes |
| [ ] 245 Tort Product Liability | [ ] 440 Other Civil Rights | [ ] 540 Mandamus & Other | | | [ ] 890 Other Statutory Actions |
| [ ] 290 All Other Real Property | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Conditions | | | |

## VI. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- [ ] 1 Original Proceeding
- [X] 2 Removal from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $ None made
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [X] YES  [ ] NO

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____  Docket Number _____

DATE  February 25, 2008

SIGNATURE OF ATTORNEY OF RECORD  *Theresa Kading*

Theresa A. Kading (SB#211469)

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)

LR  148126  $350  sec 2/27/08